UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

HANS EDWARD GOLD

CIVIL ACTION

VERSUS

NO. 13-133-JJB

PEP BOYS, ET AL.

## RULING ON MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE OF COURT TO AMEND COMPLAINT TO ASSERT EXHAUSTION OF ADMINISTRATIVE REMEDIES

This matter is before the Court on a Motion to Dismiss Plaintiff's Complaint (Doc. 9) by Defendants The Pep Boys – Manny, Moe & Jack, Inc., Cornell Stanford, and Benny Warner, and Plaintiff's Motion for Leave of Court to Amend Complaint to Assert Exhaustion of Administrative Remedies (Doc. 19). The Motion to Dismiss is opposed (Doc. 15), and the Defendants filed a reply (Doc. 18) and a Supplemental Memorandum in Support (Doc. 22). The Motion for Leave to Amend is unopposed. Jurisdiction exists pursuant to 28 U.S.C. § 1331. Oral argument is not necessary.

I. Plaintiff's Motion for Leave to Amend Complaint

Defense counsel has advised the Court that this Motion will not be opposed. Accordingly, the Motion will be granted.

II. Factual Allegations

The following factual allegations are taken from the Complaint (Doc. 1) and are taken as true for purposes of this Motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff was formerly employed by Pep Boys as an automotive repair technician. Doc. 1, ¶ 6. Defendants Cornell Stanford and Benny Warner are Pep Boys employees of superior rank to the Plaintiff, and formerly his coworkers. *Id.* at ¶ 4. Benny Warner, the Plaintiff's immediate supervisor,

1

recruited the Plaintiff, and the Defendants hired him.[1]  *Id.* at ¶ 6.  The majority of the Plaintiff's coworkers, including Stanford and Warner, were African-American.  *Id.* at ¶ 32.  Plaintiff alleges that during his employment he was threatened and physically pushed by Stanford.  *Id.* at ¶¶ 10, 12–13.  Stanford also falsely accused the Plaintiff of stealing company time.  *Id.* at ¶ 10.  The Plaintiff reported the foregoing to Warner, and to the Pep Boys hotline, but no remedial action was taken against Stanford.  *Id.* at ¶ 11.  Warner threatened that the Plaintiff would be fired if he did not cease calling the hotline.  *Id.* at ¶ 16.  Pep Boys investigated the Plaintiff for stealing time.  *Id.* at ¶ 22.   Warner reduced the Plaintiff's assignments after his refusal to cease reporting to the hotline.  *Id.* at ¶ 28.  Plaintiff claims that as a result of his hotline complaints, Warner reduced his assignments and threatened that Pep Boys would terminate his employment.  *Id.* at ¶¶ 16, 19, 26, 28.  The Plaintiff ultimately resigned due to lack of work.  *Id.* at ¶ 35.  The Plaintiff alleges he was chilled in his future complaints and his work assignments were diminished to a point where he suffered a sizeable drop in his normal income that made sustaining employment at this job not possible.  *Id.* at ¶¶ 25–26, 28, 35.

The Plaintiff asserts that Stanford and Warner slandered him to Pep Boys management, and the Defendants violated his federal and state constitutional rights.  *Id.* at ¶¶ 2, 5, 29.  The Plaintiff alleges Title VII claims against Pep Boys and against Stanford and Warner in their individual and official capacities.  *Id.* at ¶¶ 2, 4, 5.

### III.   Motion Standard

Under Federal Rule of Civil Procedure 12(b)(6), on a motion to dismiss for failure to state a claim, the Court accepts all well-pleaded, non-conclusory facts in the complaint as true.  *Id.*  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

---

[1] The Complaint states that "[t]he Plaintiff was 'RECUITED' by Benny Warner," but the Court assumes this to be a typo.

as true, to state a claim to relief that is plausible on its face." *Id.*  "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint that pleads facts merely consistent with a defendant's liability "stops short of the line between possibility and plausibility." *Id.* at 557.  When well-pleaded factual allegations populate the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  Courts may consider not only the complaint itself, but also documents attached to the complaint or documents incorporated into the complaint by reference.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007). The facts in the complaint are viewed collectively, not scrutinized in strict isolation.  *Id.*

IV.   Analysis

The Defendants argue the Plaintiff's complaint should be dismissed in its entirety, because he: (1) cannot state a claim for relief for violation of his constitutional rights; (2) has not stated a claim for relief for defamation; and (3) has not stated a claim under Title VII against Stanford or Warner.[2]  The Plaintiff responds with an unstructured opposition.  His arguments fall under three headings: (1) law and argument; (2) discovery; and (3) Benny Warner.

A.   Constitutional Rights Violations

The Defendants argue the Plaintiff cannot state a claim for violation of his constitutional rights, because only state actors, not private parties such as the Defendants, can violate an individual's state or federal constitutional rights.  The Plaintiff responds that the Defendants accused him of stealing or called him a thief.  The Plaintiff concludes that, "[c]learly the plaintiff

---

[2] The Defendants argued in their Motion, memorandum in support, and reply that the Plaintiff failed to exhaust administrative remedies.  The Defendants withdrew this argument in their supplemental memorandum.

through stated facts articulated in his pleadings violations of the 1st and 14th amendments of the U.S. Constitution."

Private employers that are not state actors are not subject to constitutional restrictions. *Price v. Lockheed Martin Corp.*, 261 F. App'x 761, 764 (5th Cir. 2008).  The Plaintiff does not address his claim for violation of state constitutional rights in his opposition, so he has abandoned that claim.  *Black v. North Panola School Dist.*, 461 F.3d 584, 588 n. 1 (5th Cir. 2006).  The Plaintiff does not allege that the Defendants are state actors.  Accordingly, the complaint does not contain sufficient factual matter to state a claim for violation of federal constitutional rights.  The Plaintiff's claims for violation of state and federal constitutional rights will be dismissed.

B.  Defamation

The Defendants argue that the Plaintiff fails to state a claim for defamation, because the Plaintiff does not allege that Stanford's accusation that the Plaintiff stole time was published to a third party.  They assert that Pep Boys investigated the accusation, and the fact that Plaintiff, Warner, and Pep Boys supervisory personnel were made aware of Stanford's comment does not mean the comment was published to a third party.  The Defendants cite *Davis v. Allen Parish Serv. Dist.*, No. 04-0938, 2005 U.S. Dist. WL 2461391, at *5 (W.D. La. Oct. 4, 2005), and *Cangelosi v. Schwegmann Bros. Giant Super Markets*, 390 So. 2d 196 (La. 1980), in support.

The Plaintiff argues the Defendants falsely reported the alleged theft of company time, an act they knew was virtually impossible for the Plaintiff to commit.  He argues the Defendants knew the accusation was false at their submission.  The Plaintiff cites *Becnel v. Boudreaux*, 340 So. 2d 687 (La. Ct. App. 1976), and *Cangelosi* for the proposition that words which impute a crime to another are per se defamatory.  The Defendants respond that neither *Becnel* nor

4

*Cangelosi* stand for the proposition that Stanford's comments were defamatory per se, regardless of whether they were published.

"Four elements are necessary to establish a defamation cause of action: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Costello v. Hardy*, 2003-1146, p. 12 (La. 1/21/04); 864 So. 2d 129, 139. "Statements between employees, made within the course and scope of their employment, are not statements communicated or publicized to third persons so as to constitute a 'publication.'" *Marshall v. Circle K Corp.*, 715 F. Supp. 1341, 1343 n. 2 (M.D. La. June 22, 1989); *Commercial Union Ins. Co. v. Melikyan*, 424 So. 2d 1114, 1115 (La. Ct. App. 1982); *Cangelosi*, 390 So. 2d at 198. "[W]ords which impute a crime to another are defamatory per se." *Cangelosi*, 390 So. 2d at 198; *Becnel*, 340 So. 2d at 688. "[W]hen alleged defamatory words are found to be defamatory per se, falsity and malice are presumed and the defendant bears the burden of rebutting the presumption." *Trahan v. Ritterman*, 368 So. 2d 181, 184 (La. Ct. App. 1979).

The Defendants are correct that neither *Becnel* nor *Cangelosi* stand for the proposition that when words impute a crime, all elements of defamation are satisfied. Rather, publication still must be proved. *Costello*, 864 So. 2d at 139; *Trahan*, 368 So. 2d at 184. The Plaintiff's brief does not address publication. The complaint does not allege that Stanford's comment that he stole time was communicated to anyone other than employees in the course and scope of their employment with Pep Boys. The complaint therefore does not contain sufficient factual matter to satisfy the publication element of defamation. As a result, the Plaintiff fails to state a claim for defamation and the Plaintiff's defamation claim will be dismissed.

5

C.  Title VII Claims against Stanford and Warner

The Defendants assert a number of arguments as to why the Plaintiff's Title VII claims against Stanford and Warner should be dismissed.  One such argument is that Title VII does not permit plaintiffs to sue their coworkers or supervisors in their individual capacities.  Another argument by the Defendants is that a plaintiff cannot maintain a Title VII action against both his employer and the employer's agent because the employing corporation could face double liability for the same act.  The Defendants argue for the first time in their reply brief that the Plaintiff fails to state a Title VII claim against Pep Boys, because the Plaintiff has failed to plead sufficient facts to demonstrate Warner and/or Stanford were empowered to take "tangible employment action" against the Plaintiff so as to render Pep Boys vicariously liable for their actions.  The Plaintiff does not respond to any of these arguments.  Since the Defendants' argument that the Plaintiff fails to state a claim against Pep Boys under Title VII was first made in the Defendants' reply brief, the Plaintiff could not have responded.

Title VII does not permit employees to be sued for damages in their individual capacities, so the Plaintiff's Title VII claims against Stanford and Warner in their individual capacities will be dismissed. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999).  Nor can the Plaintiff maintain Title VII claims against Stanford or Warner in their official capacities.  Civil liability under Title VII can only be assessed against an employer.  *Miller v. Maxwell's Intern. Inc.*, 991 F.3d 583, 587 (5th Cir. 1993).  The term "employer" includes "any agent" of an employer.  *Indest*, 164 F.3d at 262.  Even if Stanford and Warner are considered agents of Pep Boys, bringing them within the purview of Title VII, "[a] party may not maintain a suit against both an employer and its agent under Title VII," because the corporation could effectively be

6

held liable twice for the same act. *Id.* The Plaintiff's Title VII claims against Stanford and Warner in their official capacities will be dismissed.

The Defendants' argument that the Plaintiff fails to state a claim against Pep Boys under Title VII was first-raised in the Defendants' reply brief. The Court will not consider this argument, as new arguments raised in a reply are not properly before the Court. *Gillaspy v. Dallas Independent School Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008).

### D. Discovery

The Plaintiff argues "that the face of the pleading establishes factually the nature and substance of his complaint and the violations for which he seeks redress." He states that discovery could determine a number of things related to the lawsuit. The Plaintiff further asserts that, "[p]ractically every aspect of the complaint filed by plaintiff can be supported by discovery."

Despite Plaintiff's counsel's assertions, which are not supported with authority or citation to the complaint, the Plaintiff's complaint and claims are subject to the Federal Rules of Civil Procedure and the authority interpreting them. To the extent Plaintiff's counsel wishes otherwise, his wishes will not be granted. If Plaintiff's counsel desires to successfully oppose motions to dismiss in the future, he should put forth significantly more effort and submit briefs composed of substance, rather than conclusory statements and minimal legal authority.

### V. Conclusion

Accordingly, Plaintiff's Motion for Leave of Court to Amend Complaint to Assert Exhaustion of Administrative Remedies (Doc. 19) is **GRANTED**. The Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS HEREBY ORDERED** that the proposed Amended Original Complaint (Doc. 19-1) shall be filed into the record in this matter.

**IT IS FURTHER ORDERED** that Hans Edward Gold's claims for violation of his state and federal constitutional rights, defamation, and against Defendants Stanford and Warner in their individual and official capacities under Title VII are **DISMISSED**.

Signed in Baton Rouge, Louisiana, on July 29, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**